| | |
|---|---|
| 1 | Ira M. Siegel, Cal. State Bar No. 78142 |
| | email address:  irasiegel@earthlink.net |
| 2 | LAW OFFICES OF IRA M. SIEGEL |
| | 433 N. Camden Drive, Suite 970 |
| 3 | Beverly Hills, California 90210-4426 |
| | Tel:     310-435-7656 |
| 4 | Fax:    310-657-2187 |
| 5 | Attorney for Plaintiff Evasive Angles, Inc. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| Evasive Angles, Inc., a California corporation, | **CASE NO. CV 10-05885 JCS** |
| Plaintiff, | **[Proposed] ORDER GRANTING PLAINTIFF LEAVE TO TAKE EARLY DISCOVERY** |
| v. | |
| DOES 1-1149, | |
| Defendants. | |

The Court, having reviewed Plaintiff's Second Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's Second Ex Parte Application and orders as follows:

1.   **IT IS HEREBY ORDERED** that Plaintiff is allowed to serve immediate discovery on the internet service providers (lSPs) listed in Exhibit A to the First Amended Complaint filed in this matter to obtain the identity of the Doe Defendants listed in that Exhibit by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant, including the name, addresses, telephone numbers, and email addresses of such Defendant.

[Proposed] Order Granting Plaintiff's Second Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference - CV 10-05885 JCS

1

1  2. **IT IS FURTHER ORDERED** that Plaintiff's counsel shall issue subpoenas in
2  substantially the same form as the example attached as Exhibit 1 to Plaintiff's Ex Parte
3  Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each
4  subpoena including a copy of this Order.

5  3. **IT IS FURTHER ORDERED** that subpoenas authorized by this Order and
6  issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551. In
7  particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> "(c) Disclosure of personally identifiable information
> \*\*\*
> "(2) A cable operator may disclose such information if the disclosure is—
> \*\*\*
> "(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

13  This Order is an order authorizing such disclosure.

14  4. **IT IS FURTHER ORDERED** that each ISP will have <u>30 days</u> from the date of
15  service upon it to serve each of its subscriber(s) whose identity information is sought with a copy
16  of the subpoena and a copy of this Order. The ISPs may serve the subscribers using any
17  reasonable means, including written notice sent to the subscriber's last known address,
18  transmitted either by first-class mail or via overnight service.

19  5. **IT IS FURTHER ORDERED** that each subscriber shall have <u>30 days</u> from the
   ^ and each ISP
20  date of service upon him, her or it to file any motions in this court contesting the subpoena
21  (including a motion to quash or modify the subpoena). If that 30-day period lapses without the
22  subscriber contesting the subpoena, the ISP shall have <u>10 days</u> to produce to Plaintiff the
23  information responsive to the subpoena with respect to that subscriber.

24  6. **IT IS FURTHER ORDERED** that, because no appearance by a person at a
25  deposition is required by the subpoena, instead only production of documents, records and the
26  like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of
27  Civil Procedure do **not** apply and no such fees need be tendered.

28

[Proposed] Order Granting Plaintiff's Second Ex Parte Application for Leave
to Take Limited Discovery Prior to a Rule 26 Conference - CV 10-05885 JCS

2

7. **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Order shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

8. **IT IS FURTHER ORDERED** that any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

9. **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

10. **IT IS FURTHER ORDERED** that joinder of all defendants at this stage of the litigation is proper. This decision is without prejudice to any motion for severance by a current Doe defendant who is later included in this action by his or her true name.

**IT IS SO ORDERED.**

Date: _____May 6_____ ___, 2011    _____
Joseph C.
United St



[Proposed] Order Granting Plaintiff's Second Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference - CV 10-05885 JCS

3